DECEMBER, 1824.

Bender *against* Graham.

JUDGE *Minor* delivered the opinion of the Court.

The first assignment of Error, " that the Circuit Court overruled the demurrer to the defendant's plea," brings us back to the consideration of the plaintiff's right to recover on the matter set forth in the scire facias. From the bill of Exceptions it appears that the defendant, being Sheriff of *Dallas* County, arrested *John Flanagan* at the suit of the plaintiff, on a writ of *Caps. ad respond.* requiring bail, and had him in custody. That *Flanagan* being brought by writ of habeas corpus before the Chief Justice of the County Court of *Dallas*, was, by his order, discharged. By the Act of 1807, (Laws Ala. 664) any person confined or restrained of his or her liberty on *any pretence whatever*, is entitled to the benefit of the writ of habeas corpus. The Court or Judge before whom the party so confined shall be brought, shall proceed in the manner in the Act prescribed, to examine into the facts relating to the case, and into the cause of such confinement or restraint; and therefrom either bail, or remand, or discharge the party, as to justice shall appertain. By the Act of 1812, (Laws Ala. 225, s. 5.) the Chief Justice of the Orphan's Court, when any person is imprisoned, is authorised, in all cases not capital, to grant the writ of habeas corpus; and to discharge, admit to bail, or remand, any prisoner brought before him, in like manner as the Judges of the Supreme Court are by law authorised to do. By the 7th section of the Act of 1807, (L. A. p. 663.) any officer or other person having a prisoner in custody, who shall neglect or refuse to obey the mandate of the habeas corpus, (the requisites prescribed by the Act having been complied with,) is liable to the penalty of $300. Comment on these Statutes could hardly make it more clear than it is from the terms therein used. That it was within the jurisdiction of the Chief Justice to command the defendant, by the writ of habeas corpus, to bring *Flanagan* before him, if confined or detained in his custody, and not on a capital charge; and that the defendant was bound under the penalties of the law to obey the writ. By the Act of 1807, it is enacted that nothing in that Act contained shall extend to discharge out of custody any person charged with debt or other action, or with process in any civil cause. Was it for the Chief Justice or the Sheriff to determine whether *Flanagan* was to be discharged or not ? Can it with any plausibility be contended, that

---

1, On demurrer to plea, the Appellate Court look back to the plaintiff's right of action as set out in the Record.

2, Chief Justice of County Court orders a party in custody of Sheriff to be discharged ; the Sheriff not liable as for an escape, though the order be erroneous.

as he was charged with process in a civil cause the Sheriff was not bound to obey the writ? If by the writ of capias, bail had not been required, *Flanagan* would have been entitled to be discharged from the confinement, and the writ of habeas corpus seems to be the only means by which he could have compelled the Sheriff to discharge him. If it was within the powers and jurisdiction of the Chief Justice to have *Flanagan* brought before him, it was for him, on the examination of the cause of commitment and detention, and not for the Sheriff, to determine whether the prisoner should be recommitted or discharged. We have no hesitation in saying that the Chief Justice erred in ordering his discharge; but to consider the Sheriff authorised to disobey, and liable for disobeying, the mandate of the judicial officer, clearly within the scope of his jurisdiction, would be an anomaly in jurisprudence, and productive of most mischievous consequences. We are unanimously of opinion that the judgment of the Circuit Court must be affirmed.

Judge *Saffold* not sitting.

*H. G. Perry* for plaintiff.

*White* and *Gordon* for defendant in Error.